**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PERRY A. McMINN, JR.,

Defendant-Appellant.

No. 97-5190
(D.C. No. 97-CR-26-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Perry A. McMinn, Jr. brings this timely direct appeal from his convictions for assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3), and for assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6). [1] The offenses occurred in Indian Country, as defined by 18 U.S.C. § 1151, and the victim is an enrolled member of the Cherokee tribe. The district court had jurisdiction pursuant to 18 U.S.C. § 1152. We affirm.

Mr. McMinn and his victim, Sally White, lived together in a mobile home in Quapaw, Oklahoma. Before Ms. White left for work on February 5, she and Mr. McMinn discussed the fact that her ex-husband wanted to visit his children. Mr. McMinn was opposed to Ms. White spending any time with her ex-husband, because he was afraid that a sexual relationship might develop between them.

Ms. White testified that she returned from work just before midnight on February 5. Mr. McMinn was not at home, so she locked the door and went to bed. Sometime later, Mr. McMinn entered their bedroom, turned on the light, and began striking her and calling her names. He told her she had driven him crazy. Over the course of the next several hours, he beat her with his fists, kicked her,

---

[1] Mr. McMinn was also convicted of knowingly using and carrying a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c), and acquitted of crossing a state line or entering Indian country with the intent to injure, harass, or intimidate an intimate partner, pursuant to 18 U.S.C. § 2261. He does not appeal from his § 924(c) conviction.

and struck and threatened her with a shotgun.  The shotgun discharged in her direction at one point, blowing a hole in a cabinet two feet from where she was sitting.  Finally, Mr. McMinn allowed Ms. White to leave the trailer, and she contacted the police.

## 1.  Lesser included offense instruction

Count One of the indictment charged Mr. McMinn with assault with a dangerous weapon with intent to do bodily harm, pursuant to 18 U.S.C. § 113(a)(3).  He argues that the jury should have been instructed on the lesser included offense of assault by striking, beating or wounding.         See 18 U.S.C. § 113(a)(4).

> Whether an offense for which an instruction is sought actually qualifies as a lesser included offense of the offense charged is a question of law that we review     *de novo* .  However, we review the district court's decision as to whether there is enough evidence to justify a lesser included offense instruction for an abuse of discretion.

United States v. Duran   , 127 F.3d 911, 914 (10th Cir. 1997) (citations omitted), cert. denied , 118 S. Ct. 1389 (1998).

In Duran , we determined that the offense of assault by striking, beating or wounding was not a lesser included offense of assault with a dangerous weapon. See id. at 915.  We reasoned as follows:

> Assault by striking, beating or wounding . . . requires a physical touching and is the equivalent of simple battery.  However, assault

with a dangerous weapon . . . only requires proof of an assault with a dangerous weapon, with the intent to cause bodily harm. The offense does not require proof of any physical contact. Consequently, a defendant may commit assault with a dangerous weapon without committing assault by striking, beating or wounding. Because the offense of assault by striking, beating or wounding requires proof of an element not required to prove assault with a dangerous weapon, the crime of striking, beating or wounding does not qualify as a lesser included offense under the elements test.

Id. (citations omitted).

Mr. McMinn contends that his case should be distinguished from Duran, for two reasons: first, because he used the weapon both to physically strike and to threaten the victim; and second, because he was intoxicated, and therefore lacked the specific intent to commit assault with a dangerous weapon. Neither of these bases justifies a departure from the rule in Duran.

We apply a four-part test to determine whether the court must give a lesser included offense instruction. See Duran, 127 F.3d at 914. All four of the factors must be satisfied. See id. at 915. Under this test, "the elements of the lesser included offense must be a subset of the elements of the greater (charged) offense." See id. at 914 (emphasis added). In determining whether the subset factor is satisfied, we examine the statutory elements of the offenses in question, rather than the particular conduct proved at trial. See Schmuck v. United States, 489 U.S. 705, 716-17 (1989).

-4-

As we stated in Duran, striking, beating or wounding the victim requires actual physical contact, an element which is not required for assault with a dangerous weapon. See id., 127 F.3d at 915. Therefore, the subset factor is not met. The statutory elements of the crimes involved in this case are the same as those in Duran. Duran is binding precedent and precludes Mr. McMinn's lesser included offense argument.

2. Sufficiency of the evidence

Count Three of the indictment charged Mr. McMinn with assaulting Ms. White, resulting in serious bodily injury. He argues that the evidence was insufficient to prove that she suffered "serious bodily injury," as that term is used in 18 U.S.C. § 113(a)(6). The district court denied his motion for judgment of acquittal.

"We review a district court's denial of a motion for judgment of acquittal viewing all the evidence and drawing all reasonable inferences in the light most favorable to the prosecution. The motion must be denied if any rational trier of fact could have found each essential element of the crime beyond a reasonable doubt." United States v. Leos-Quijada, 107 F.3d 786, 794 (10th Cir. 1997) (citations omitted).

"Serious bodily injury" is defined for purposes of § 113(a)(6) by reference to the definition found in 18 U.S.C. § 1365. See 18 U.S.C. § 113(b)(2). Under

that definition, "'serious bodily injury' means bodily injury which involves–(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365(g)(3). The government contends this element was proved because Ms. White suffered extreme physical pain as a result of the assault.

Ms. White's ordeal lasted nearly five hours. As a result of the beating she received, her face turned black and swollen and her left eye swelled shut. She suffered from a severe headache which left her sick to her stomach. She developed bruises on her chin where Mr. McMinn grabbed her by the face and forced her to look at him, on her back where he hit her with the gun butt, and on her shins where he kicked her with cowboy boots. She had lumps on her head from the beating and clots on the inside of her mouth. She missed several days of work following the assault and her pain lasted several weeks. At the time of trial, her face was still partially discolored and puffy. We agree with the government that a reasonable jury could have found that Ms. White suffered "extreme physical pain" within the meaning of § 1365(g)(3).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

                                                    Entered for the Court

                                                    Michael R. Murphy
                                                    Circuit Judge